UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW JONES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00201-NT |
| | ) | |
| PORTLAND MAINE POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Having granted Plaintiff Matthew Jones's application to proceed *in forma pauperis*, *see* ECF No. 4, his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Jones's complaint.

### I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In a rambling and often incoherent complaint, Jones alleges that unnamed Portland Police Department officers "raped, molested, battered, conditioned, and attempted to murder" him for six days in Portland in January 1987 when he was "a less than 1 year old infant." Complaint (ECF No. 1) at 2-3. He cites several federal criminal laws and seeks relief from the Portland Police Department under a theory of respondeat superior for its officers' violations of those laws and the United States

Constitution.[1] *See id.* at 5-8. Specifically, he seeks "$250,000,000.00 . . . for stem cells that will rejuvenate [his] body, overall health, restore life expectancy, eliminate illnesses, and regrow parts of [his] body that were lost to the traumas of anal rape, poisoning, bludgeoning, and psychosis." *Id.* at 8.

### III. Discussion

As a threshold matter, Jones's allegations are fantastic and delusional. He talks of planning to come to Maine to start a new life when he was less than a year old, alleges that police officers threatened him—when he was too young to even speak—to never talk about what they had done to him, claims to have been poisoned, and seeks reparations to regrow lost body parts. *See id.* at 2-3, 8. This in and of itself warrants the dismissal of his complaint. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (noting that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Even setting issues of irrationality aside, however, Jones's claims do not pass muster because the Portland Police Department, as a municipal agency, cannot be held liable under a theory of respondeat superior and Jones does not cogently identify any policy or custom that led to his alleged injuries. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (holding "that a municipality may not be held liable under [42 U.S.C.] § 1983 solely because it employs a tortfeasor" and that a plaintiff "seeking to impose liability on a municipality" must "identify a

---

[1] Jones cites state laws, too, but clarifies that he is "seeking reparations for violations of State laws" in the Maine Superior Court, while he is seeking reparations for violations of federal laws in this Court. *See* Complaint at 7-8.

municipal 'policy' or 'custom' that caused" his injury). Moreover, to the extent that Jones seeks to initiate prosecutions by citing criminal laws, he lacks standing to do so. *See Heinemann v. Soc. Sec. Admin.*, No. 1:16-cv-00460-DBH, 2016 WL 5957269, at *4 (D. Me. Oct. 14, 2016) (rec. dec.) ("Simply stated, Plaintiff does not have standing to prosecute criminal charges against others, and the courts do not decide whether a person should be charged under . . . criminal statutes."), *aff'd*, 2016 WL 6495444 (D. Me. Nov. 1, 2016).

Finally, because Jones appears to be a serial litigator[2], he should be cautioned that further groundless and inappropriate filings could result in the Court imposing filing restrictions such as requiring him to obtain advance approval from a District Judge before filing a case by showing that his proposed pleading is "sufficiently plain and definite to satisfy [Fed. R. Civ. P.] 8 and to warrant a response." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

### IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Jones's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). I also recommend that the Court

---

[2] Jones has filed a very similar complaint against the Maine State Police in this Court. *See Jones v. Me. State Police Dep't*, No. 1:22-cv-00200-NT. He has also filed more than three dozen cases in the District of Delaware, most or all of which have been dismissed for failing to state a claim or for his failure to pay the filing fee. *See* District of Delaware Nos. 1:15-cv-00198-RGA, 1:15-cv-00199-RGA, 1:15-cv-00200-RGA, 1:15-cv-00201-RGA, 1:15-cv-00202-RGA, 1:15-cv-00203-RGA, 1:15-cv-00204-RGA, 1:15-cv-00205-RGA, 1:15-cv-00730-RGA, 1:15-cv-00731-RGA, 1:15-cv-01017-RGA, 1:16-cv-00005-RGA, 1:16-cv-00410-RGA, 1:16-cv-01306-RGA, 1:16-cv-01321-RGA, 1:17-cv-00169-RGA, 1:17-cv-00394-RGA, 1:17-cv-00395-RGA, 1:17-cv-00396-RGA, 1:17-cv-00572-RGA, 1:17-cv-00679-RGA, 1:17-cv-00995-RGA, 1:17-cv-01063-RGA, 1:17-cv-01350-RGA, 1:18-cv-01207-RGA, 1:18-cv-01208-RGA, 1:18-cv-01218-RGA, 1:18-cv-01379-RGA, 1:18-cv-01380-RGA, 1:18-cv-01381-RGA, 1:18-cv-01382-RGA, 1:18-cv-01383-RGA, 1:19-cv-00895-RGA, 1:19-cv-00896-RGA, 1:19-cv-00897-RGA, 1:19-cv-01198-RGA, 1:20-cv-00818-RGA.

warn Jones that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: July 7, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge

5